

CHIEF FINANCIAL OFFICER
**JEFF ATWATER**
STATE OF FLORIDA



12-143605

REGINALD CARNICK II AND
FRANK P. MIELE,

PLAINTIFF(S),

VS.

CERTAIN UNDERWRITERS AT LLOYD'S OF
LONDON, D/B/A SEA WAVE YACHT INSURANCE,

DEFENDANT(S).
_____/

**CASE #:**   **12 30871 13**
**COURT:**   **CIRCUIT COURT**
**COUNTY:**   **BROWARD**
**DFS-SOP#:** 12-143605

CIVIL ACTION SUMMONS, CIVIL COVER SHEET, VERIFIED COMPLAINT FOR DECLARATORY
RELIEF AND DAMAGES, DOCUMENTS

## <u>NOTICE OF SERVICE OF PROCESS</u>

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial
Officer of the State of Florida. Said process was received in my office by PROCESS SERVER
on the 2nd day of November, 2012 and a copy was forwarded by Electronic Delivery on the 7th
day of November, 2012 to the designated agent for the named entity as shown below.

    LLOYD'S UNDERWRITERS AT LONDON
    EDWARD T SMITH
    AKA CERTAIN UNDERWRITERS AT LLOYD'S, LONDON
    MENDES & MOUNT
    750 SEVENTH AVENUE
    NEW YORK, NY 10019-6829

\* Our office will only serve the initial process (Summons and Complaint) or Subpoena and is not responsible for transmittal of any
subsequent filings, pleadings or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080.

*Jeff Atwater*

Jeff Atwater
Chief Financial Officer

cc to: Plaintiff's Representative for filing in appropriate court:

JAMES W. BEAGLE
3550 NW 9TH AVENUE
SUITE A
FORT LAUDERDALE FL 33309

    TMB

**13**

IN THE CIRCUIT COURT FOR THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

REGINALD CARNICK II and FRANK P.
MIELE,

      Plaintiffs,

vs.

CERTAIN UNDERWRITERS AT LLOYD'S
OF LONDON, d/b/a SeaWave Yacht Insurance,

      Defendants.

_____/

GENERAL CIVIL DIVISION 12 30 8 7 1

CASE NUMBER:

**CIVIL ACTION SUMMONS**

CLOCK IN

**To Defendants** CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON, d/b/a SeaWave Yacht Insurance

      **through their agent for service of process,**
      Jeff Atwater
      Chief Financial Officer, State of Florida
      200 E. Gaines St.
      Tallahassee FL 32399

A lawsuit has been filed against you.  You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint with the clerk of this Court. A phone call will not protect you;  your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case and your wages, money and property may thereafter be taken, without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you choose to file a written response yourself at the same time you file your written response to the Court located at:

      Broward County Courthouse
      201 SE 6th Street
      Fort Lauderdale, Florida 33301

You must also mail or take a copy of your written responses to the Plaintiff's Attorney named below.

James W. Beagle
Plaintiff's Attorney
3550 NW 9th Avenue
Suite A
Fort Lauderdale, Florida 33309

**TO EACH SHERIFF OF THE STATE OF FLORIDA:** You are commanded to serve this Summons
and a copy of the Complaint of this lawsuit on the above named Defendant.

## HOWARD C. FORMAN   CLERK OF COURTS
Date:

NOV 01 2012

**ANNETTE DANIELS**

**A TRUE COPY**
By
~~CIRCUIT COURT SEAL~~
Deputy Clerk

In accordance with the Americans with Disablilities Act of 1990 (ADA), disabled persons who, because of their
disabilities, need special accommodation to participate in this proceeding should contact the ADA coordinator at
(954) 831-7721 or Telephone Voice / TDD (800) 955-8771 not later than five business days prior to such
proceeding.

FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of
pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the
Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statutes section 25.075. (See
instructions for completion.)

**12-30871**

I.   CASE STYLE

(Name of Court)

Plaintiff  Reginald Carnick, II
           and Frank P. Miele

vs.

Defendant  Certain Underwriters at Lloyd's of
           London d/b/a SeaWave Yacht Insurance

II.  TYPE OF CASE    (If the case fits more than one type of case, select the most definitive category.
                     If the most descriptive label is a subcategory (is indented under a broader
                     category), place an x in both the main category and subcategory boxes.)

☐ Condominium                                    ☐ Homestead residential foreclosure $0 - $50,000
☐ Contracts and indebtedness                     ☐ Homestead residential foreclosure $50,001 - $249,999
☐ Eminent domain                                 ☐ Homestead residential foreclosure $250,000 or more
☐ Auto negligence                                ☐ Nonhomestead residential foreclosure
☐ Negligence—other                                   $0 - $50,000
    ☐ Business governance                        ☐ Nonhomestead residential foreclosure
    ☐ Business torts                                 $50,001 - $249,999
    ☐ Environmental/Toxic tort                   ☐ Nonhomestead residential foreclosure
    ☐ Third party indemnification                    $250,000 or more
    ☐ Construction defect                        ☐ Other real property actions $0 - $50,000
    ☐ Mass tort                                  ☐ Other real property actions $50,001 - $249,999
    ☐ Negligent security                         ☐ Other real property actions $250,000 or more
    ☐ Nursing home negligence                    ☐ Professional malpractice
    ☐ Premises liability—commercial                  ☐ Malpractice—business
    ☐ Premises liability—residential                 ☐ Malpractice—medical
☐ Products liability                                 ☐ Malpractice—other professional
☐ Real property/Mortgage foreclosure             ☒ Other
    ☐ Commercial foreclosure $0 - $50,000            ☐ Antitrust/Trade regulation
    ☐ Commercial foreclosure $50,001 - $249,999      ☐ Business transactions
    ☐ Commercial foreclosure $250,000 or more        ☐ Constitutional challenge—statute or ordinance

Case #:

Judge:

A TRUE COPY
HOWARD C. FORMAN
CLERK OF CIRCUIT
BROWARD COUNTY
NOV 01 2012

☐ Constitutional challenge—proposed amendment     ☐ Libel/Slander
☐ Corporate trusts     ☐ Shareholder derivative action
☐ Discrimination—employment or other     ☐ Securities litigation
☒ Insurance claims     ☐ Trade secrets
☐ Intellectual property     ☐ Trust litigation

**III. REMEDIES SOUGHT** (check all that apply):
    ☒ monetary;
    ☒ nonmonetary declaratory or injunctive relief;
    ☐ punitive

**IV. NUMBER OF CAUSES OF ACTION:** [ ] _2_
    (specify) _Declaratory Judgment and Breach of Contract_

**V. IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VI. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

_____
_____
_____

**VII. IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature _____
    Attorney or party

_James W. Beagle_
(type or print name)

Fla. Bar # _521418_
(Bar # if attorney

_10-31-12_
Date

**13**

IN THE CIRCUIT COURT FOR THE SEVENTEENTH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA

REGINALD CARNICK II and FRANK P.
MIELE,

        Plaintiffs,

vs.

CERTAIN UNDERWRITERS AT LLOYD'S
OF LONDON, d/b/a SeaWave Yacht Insurance,

        Defendants.

_____/

GENERAL CIVIL DIVISION **12 - 30871**

CASE NUMBER:



**VERIFIED COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES**

Plaintiffs REGINALD CARNICK II and FRANK P. MIELE (hereinafter "CARNICK"

and "MIELE," respectively), sue Defendants CERTAIN UNDERWRITERS AT LLOYD'S OF

LONDON (hereinafter "LLOYD'S"), and allege:

### GENERAL ALLEGATIONS

#### *Jurisdiction and venue*

1.    This is an action for declaratory relief pursuant to Fla. Stat. § 86.011, for further

relief pursuant to Fla. Stat. § 86.061, for costs pursuant to Fla. Stat. § 86.081, Fla. Stat. §

624.155, and for damages, in which the matters in controversy exceed a value of $15,000.00.

2.    Plaintiffs CARNICK and MIELE are residents of Broward County, Florida.

3.    Defendants LLOYD'S are insurers authorized to do business in the State of

Florida, and doing substantial business in Broward County as SeaWave Yacht Insurance.

4.    The contract that gives rise to this action was to be fully performed in Broward

County, Florida.

1

case no.:

5.    All conditions precedent to the bringing of this action have occurred, or have been performed, excused or waived.

### *FACTUAL ALLEGATIONS*

6.    At all times relevant hereto, and in 2011, Plaintiffs CARNICK and MIELE have been the joint owners of a 32-foot Luhrs motorized vessel (hereinafter the VESSEL).

7.    At all times before the sinking thereof, CARNICK and MIELE maintained the VESSEL in excellent condition, mechanically and esthetically.

8.    On or about October 15, 2010, CARNICK and MIELE renewed their SeaWave Yacht Insurance Policy on the VESSEL.  A copy of the Certificate Schedule/Declaration Page, and Policy are attached hereto as Composite Exhibit "A".

9.    By endorsement dated March 15, 2011, the agreed and insured value of the hull was set at $95,000 (ninety-five thousand).  A copy of said endorsement is attached hereto as Exhibit "B".

10.    On or about June 18, 2011, an air-conditioning seawater hose failed and flooded the VESSEL, causing it to sink and incur extensive damage.

11.    The sinking extensively damaged the hull, engines and other elements of the Plaintiffs' VESSEL, to the extent of the policy limits:  $95,000.00 (ninety-five thousand) for the hull, plus personal effects to the extent of the policy limits therefor:  $2,500.00 (two thousand five hundred).  Additionally, sue and labor costs, covered by the policy, amounted to $25,245.20 (twenty-five thousand two hundred forty-five and 20/100) as of August 30, 2011, and continue to accrue through the date of this filing.

12.    Plaintiffs CARNICK and MIELE notified Defendant LLOYD'S of the loss and

2

case no.:

filed York Claim #SWYI-0085A9. York Risk Services Group, Inc. was the claims administrator for LLOYD'S.

13.     As a legal result of the foregoing, Defendant LLOYD'S is liable to Plaintiffs CARNICK and MIELE according to the terms of SeaWave Yacht Insurance Policy, Composite Exhibit "A" hereto.

14.     Defendant LLOYD'S denied coverage for losses under the subject Policy, stating in the denial letter that "it was determined the vessel sank due to a deteriorated thru hull fitting and an inoperable bilge pump." The denial letter is attached hereto as Exhibit "C".

15.     The denial letter does not specify the precise reason for denial as related to the policy, but quotes a general wear-and-tear exclusion policy and a general "unseaworthiness or lack of repair" exclusion clause from the policy.

16.     In denying the claim,

a.      the claim denial was determined by a marine surveyor, Mr. Stuart Hutcheson, employed by Harbor & Ocean Services Inc. of Ft Lauderdale and hired possibly by York Risk Services Group, who was not an insurance adjuster licensed by the State of Florida, in violation of Fla. Stat. §§ 626.112(1)(a), 626.855, and 626.856.

b.      The claim-denial letter dated July 1, 2011 was actually issued by Ms. Agnes Henderson with York Group in Parsippany, NJ, who with four months' licensure, and the failure to inspect the vessel (being more than 1000 miles distant from same). Ms. Henderson was unqualified to participate in an investigation of the claim.

c.      More specifically, Fla. Admin. Code R. 69B-220.201 provides that "[a]n adjuster shall not undertake the adjustment of any claim concerning which the adjuster is not

3

case no.:

currently competent and knowledgeable as to the terms and conditions of the insurance coverage, or which otherwise exceeds the adjuster's current expertise." An individual with a Florida adjuster's license of just 4 months' duration authored a denial letter to a Florida insured property owner on a 32-ft vessel loss in Florida 1,000 miles away. Ms. Henderson never saw nor inspected the vessel, and completely relied on hearsay from unlicensed individuals.

        d.    The insureds were not requested to offer any formal loss information nor to provide any of the following (each of which represents a failure to conduct a reasonable investigation, and a failure to promptly notify the insureds of information necessary for processing a claim):

        i) a non-waiver form substantiating the loss and or required actions to perfect the claim to proper resolution.

        ii) an authorization-and-consent form to obtain documents from third parties that had to be obtained to perfect the claim.

        iii) a masters' protest substantiating the loss.

        iv) a sworn or recorded statement as to the vessel's past maintenance history.

        17.    LLOYD'S failed to conduct a reasonable investigation, inasmuch as there was no preservation of evidence, nor laboratory testing of the defective hose that led to the sinking to determine the cause of the loss, and no investigation was conducted as to the history of the air conditioning hose that allegedly failed in just in one location under 2 hose clamps.

4

case no.:

18.    LLOYD'S failed to conduct a reasonable investigation, inasmuch as no investigation was conducted to request and obtain past maintenance invoices or the history on the air conditioning system.

19.    LLOYD'S failed to conduct a reasonable investigation, inasmuch as there was no inquiry or reasonable determination whether the loss related to an event of which the vessel owners had no knowledge or privities to render them obligated to undertake specific remedial action.

20.    LLOYD'S failed to conduct a reasonable investigation, inasmuch as there is no evidence indicating a lack of reasonable maintenance of the vessel in many areas beside just one hose leaking under two hose clamps with no other contributing conditions.

21.    LLOYD'S failed to conduct a reasonable investigation, inasmuch as no claims manuals on investigating procedures were followed.

22.    LLOYD'S misrepresented insurance policy provisions relating to coverages at issue in the denial letter, by holding the insureds to an incorrect strict standard for vessel defects, when the policy itself states that only losses due to the "lack of reasonable care and diligence" are excepted from coverage.

23.    LLOYD'S failed to acknowledge and act promptly upon communications with respect to claims from both CARNICK and MIELE and from the public adjuster retained by them (Charles M. Stephens).

24.    As reflected by the denial letter of July 1, 2011 (Exhibit "C" hereto), the insurer failed to provide a reasonable explanation in writing to the insured of the basis in the insurance policy, in relation to the facts or applicable law, for denial of the claim.

5

case no.:

25.     LLOYD'S failed to notify CARNICK and MIELE of additional information necessary for the processing of the claim.

26.     The facts set forth hereinabove demonstrate that LLOYD'S failed to adopt and implement standards for the proper investigation of claims, within the meaning of Fla. Stat. § 626.9541(1)(i)(3)(a).

27.     The facts set forth hereinabove demonstrate that LLOYD'S did not attempt in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insureds, CARNICK and MIELE, and with due regard for their interests, within the meaning of Fla. Stat. § 624.155(1)(b)(1).

28.     The facts set forth hereinabove demonstrate that LLOYD'S denied CARNICK and MIELE's claim without conducting reasonable investigations based upon available information, within the meaning of Fla. Stat. § 626.9541(1)(i)(3)(d).

## LEGAL BASIS FOR DECLARATORY JUDGMENT
### and FURTHER RELIEF

29.     With respect to the matters alleged in this Complaint,

a.     there is a bona fide, actual, present and practical need for the requested declaration;

b.     the requested declaration deals with present, ascertained and ascertainable states of facts and present controversies as to a state of facts;

c.     the power, privileges and rights of Plaintiffs CARNICK and MIELE are dependent upon the facts and the law applicable to the facts;

d.     Defendant LLOYD'S has an actual, present, adverse and antagonistic interest in the subject matter;  and

6

e.    the antagonistic and adverse interests will all be before the court by proper process and the relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity.

### CLAIM OF ATTORNEY'S FEES PURSUANT TO STATUTE

30.    Pursuant to Fla. Stat. § 627.428, Plaintiffs CARNICK and MIELE respectfully request an award of a reasonable sum as fees or compensation for their attorney prosecuting the above-captioned suit, and that such award be included in the final judgment or decree herein.

### COUNT I:  Declaratory Judgment (Fla. Stat. § 86.011)

31.    Plaintiffs CARNICK and MIELE repeat and reallege the allegations set forth hereinabove in Counterclaim paragraphs 1 through 30.

32.    Plaintiffs CARNICK and MIELE seek a declaration that the investigation process employed by LLOYD'S was faulty as a matter of law, and that coverage be properly provided to them for the claim at issue.

WHEREFORE, Plaintiffs CARNICK and MIELE respectfully request that this Honorable Court issue the declaration described in paragraph 32 hereinabove, and that costs and attorney's fees be awarded to Plaintiffs CARNICK and MIELE.

### COUNT II:

### Breach of Contract

33.    Plaintiffs CARNICK and MIELE repeat and reallege the allegations set forth hereinabove in paragraphs 1 through 30.

34.    Defendant LLOYD'S entered into a contract to provide insurance to Plaintiffs

7

case no.:

CARNICK and MIELE covering losses associated with the subject VESSEL.

35.    Furthermore, the subject policy provided as follows: "Immediately upon a loss *You* [CARNICK and MIELE] are to . . . take all necessary steps to protect the property from further loss. *We* [LLOYD'S] will pay the reasonable expenses incurred in doing this when the loss is covered under this policy."

36.    CARNICK and MIELE complied with the contractual provision stated in the foregoing paragraph, and so provided safe dockage for the vessel.

37.    Defendant LLOYD'S breached the contract to provide insurance to Plaintiffs CARNICK and MIELE by failing and refusing to pay them pursuant to the terms of the subject contract.

WHEREFORE, Plaintiffs CARNICK and MIELE, respectfully request that this honorable Court enter judgment in their favor in a sum exceeding $15,000.00, plus prejudgment interest from June 18, 2011, costs and attorney's fees, against Defendant LLOYD'S.

8

case no.:

## VERIFICATIONS

Reginald Carnick, II

STATE OF FLORIDA       }
                       } SS:
COUNTY OF BROWARD       }

BEFORE ME, the undersigned official duly authorized to administer oaths and take acknowledgments in the State of Florida, personally appeared Reginald Carnick, II, who is to me personally known and who did, under oath depose and state that the facts stated in the instant Verified Complaint are true and correct and within his personal knowledge.

_____
(Signature of Notary)
NOTARY PUBLIC STATE OF FLORIDA
My Commission Expires:

Notary Public State of Florida
James William Beagle
My Commission EE148825
Expires 11/27/2015

\*   \*   \*

Frank P. Miele

STATE OF FLORIDA       }
                       } SS:
COUNTY OF BROWARD       }

BEFORE ME, the undersigned official duly authorized to administer oaths and take acknowledgments in the State of Florida, personally appeared Frank P. Miele, who is to me personally known and who did, under oath depose and state that the facts stated in the instant Verified Complaint are true and correct and within his personal knowledge.

_____
(Signature of Notary)
NOTARY PUBLIC STATE OF FLORIDA
My Commission Expires:

Notary Public State of Florida
James William Beagle
My Commission EE148825
Expires 11/27/2015

9

case no.:

Respectfully submitted this _22_-day of September 2012.

James Beagle, P.A.
Counsel for Plaintiffs CARNICK and MIELE
3550 NW 9th Avenue, Suite A
Fort Lauderdale, Florida  33309
(954) 563-8588
telefax (954) 563-8533


By: _____
    James William Beagle
    Florida Bar no.  0521418

10



**Atlass Special Risks, Inc.**
1300 S.E. 17th St, Suite 220, Ft. Lauderdale, FL 33316
CERTIFICATE SCHEDULE

This is to certify that in accordance with the authorisation granted under Contract No: 08H01038    Certificate No:    092485
to the undersigned detailed below and in consideration of the premium specified herein an insurance has been effected in accordance
with the Terms and Conditions herein or endorsed.

Participating Underwriters hereon:        100% UNDERWRITTEN BY CERTAIN UNDERWRITERS AT LLOYDS OF LONDON

**DECLARATION PAGE**

| | |
|---|---|
| INSURED: | Reginald Carnick & Frank Misie, Sr |
| Additional Insured: | None |
| Loss Payee: | Nations City Bank, 8750 Miller Rd  Location: 7120, Brecksville, OH 44141 |
| EFFECTIVE DATE: | 16 October 2010    12.01 A.M.   To    16 October 2011    12.01 A.M. Local Standard Time |

Upon the Vessel:

| | | | | | |
|---|---|---|---|---|---|
| Name: | Blue Side Up | | Year: | 1997 | Length: | 32' |
| Manufacturer: | Luhrs | | Model: | T-320 | |
| Primary Homeport: | Ft Lauderdale, FL | | Serial # / Reg #: | LHBT31333G997 | |

| SECTIONS & COVERAGES: | AMOUNT OF INSURANCE | DEDUCTIBLE | PREMIUM | (All Values US$) |
|---|---|---|---|---|
| 1  Hull, Equipment, Machinery including Mast, Spars, Rigging & Sails | 90,000 | 1,800 | 2,096 | |
| But increased to In Respect of Named Windstorm Each & Every Claim including Total Loss | | 9,000 | | |
| Tender & Outboard | N/A | N/A | N/A | |
| Trailer | N/A | N/A | N/A | |
| Other | N/A | N/A | N/A | |
| 2  Protection & Indemnity | 500,000 | 500 | 330 | |
| Number of Crew   N/A | | N/A | N/A | |
| 3  Medical Payments Any one person any one accident but limited to any one accident or event | 10,000 | 100 | Included | |
| 4  Personal Effects | 2,500 | 250 | 75 | |
| 5  Uninsured Boater Coverage | 250,000 | 250 | Included | |
| | | TOTAL: | 2,601 | |

Handwritten notes on right side:
Frank Atlass
1300 s.e. 17th St. # 220
Ft. Lauderdale, FL 33316
License: A009310
Prod. Agent: UHH WILLIAMS
Prod. Address: 1220 SE 10 Ave # 225
City/State: Ft. Lauderdale FL 33...
This insurance is issued pursuant to the Florida Surplus Lines Law. Persons insured by Surplus Lines carriers do not have the protection of the Florida Insurance Guaranty Act to the extent of any right of recovery for the obligation of an insolvent unlicensed insurer.

Inspection Premium: 2501.00  Insp. Fee:
Policy Fee: 35.00  Service Fee: 2.54
Tax: 120.80  PROP. SURCHG.:
Other:
FHCF: 25.36

NAVIGATION LIMITS:    Inland, Atlantic coastal and Gulf coastal waters of FL, not west of Cedar Key, FL. Limits include the Bahamas and Turks & Caicos.

CONDITIONS:    Per attached Seawave wording amended 18 November 2008 including all terms, conditions, exclusions, clauses & warranties contained therein.
In the event Your Boat is designed for or has fitted triple or quad outboard motor propulsion, this insurance will not provide any coverage for loss or damage directly or indirectly caused by theft.

WARRANTIES:    Warranted Private Pleasure Use only.

In the event of any occurrence which may lead to a claim under this insurance, immediate notice must be given to:
Atlass Special Risks, 1300 SE 17th St, Fort Lauderdale, FL  TEL: 1-954-838-9001

This insurance shall be governed by and construed in accordance with the laws of the State of Florida, or California if applicable, and each party agrees to submit to the exclusive jurisdiction of the courts of the United States of America.

Issued in Ft Lauderdale, Florida for and on Behalf of:  Atlass Special Risks, Inc

Frank Atlas  PRESIDENT          Laura Sherred  JR VICE-PRESIDENT

**SURPLUS LINES INSURERS' POLICY RATES AND FORMS ARE NOT APPROVED BY
ANY FLORIDA REGULATORY AGENCY.**



**Atlass Special Risks, Inc.**
**1300 S.E. 17th St, Suite 220, Ft. Lauderdale, FL 33316**

### CERTIFICATE SCHEDULE

This is to certify that in accordance with the authorization granted under Contract No: 08H01058    Certificate No:    092455
to the undersigned detailed below and in consideration of the premium specified herein an insurance has been effected in accordance
with the Terms and Conditions herein or endorsed.

Participating Underwriters hereon:          100% UNDERWRITTEN BY CERTAIN UNDERWRITERS AT LLOYDS OF LONDON

### ENDORSEMENT

| | |
|---|---|
| INSURED: | Reginald Carnick & Frank Miele, Sr |
| Additional Insured: | None |
| Loss Payee: | PNC Bank, PO Box 26489, Fort Worth, TX 76124 |
| POLICY TERM: | 18 October 2010    12.01 A.M.    To    18 October 2011    12.01 A.M. Local Standard Time |

Upon the Vessel:

| | | | | | |
|---|---|---|---|---|---|
| Name: | Blue Side Up | | Year: | 1997 | Length:    32' |
| Manufacturer: | Luhrs | | Model: | T-320 | |
| Primary Homeport: | Ft Lauderdale, FL | | Serial # / Reg #: | LHRT3133G697 | |

| | | | |
|---|---|---|---|
| Effective Date of Endorsement: | 16 March 2011 | Endorsement No: | 092455 End1 |

Amendment(s) to policy:

In consideration of $27 additional pro rata premium ( $46 annual ), it is hereby noted and agreed that hull coverage is amended as follows:

| SECTION & COVERAGES: | AMOUNT OF INSURANCE | DEDUCTIBLE | PREMIUM | (All Values US$) |
|---|---|---|---|---|
| 1 Hull, Equipment, Machinery Including Mast, Spars, Rigging & Sails | 92,000 | 1,840 | 2,142 | |
| But increased to In Respect of Named Windstorm Each & Every Claim including Total Loss | | 9,200 | | |

The Loss Payee is replaced with the following: PNC Bank, PO Box 25489, Fort Worth, TX 76124

All other terms, clauses and conditions remain unchanged.

Premium change:    $27

Issued in Ft Lauderdale, Florida for and on behalf of: Atlass Special Risks, Inc

Frank Atlass PRESIDENT

Laura Sherrod SR VICE PRESIDENT

Surplus Lines Agent: Frank Atlass
Agents Address:    1300 S.E 17th St #220
                   Ft. Lauderdale, FL 33316
License: K009596
Prod. Agent: Wattie G. Willia
Prod. Address: 1300 SE 18th Ave #25
City/State: Ft Lauderdale, FL
This insurance is issued pursuant to the Florida Surplus
Lines Law. Persons insured by Surplus Lines carriers
do not have the protection of the Florida Insurance
Guaranty Act to the extent of any right of recovery for
the obligation of an insolvent or unlicensed insurer.
Fee: $31.00    Insp. Fee:
Policy Fee:            Service Fee: 0.05
Tax 1.55    PROP. SURCHG.:
Other
FHCF $0.55

# SEAWAVE YACHT INSURANCE POLICY WORDING
### 20th APRIL 2000. AMENDED 18th NOVEMBER 2008





ESTABLISHED 1981

*Produced exclusively for*

# ATLASS SPECIAL RISKS INC

1300 SE 17TH STREET. SUITE 220. FORT LAUDERDALE, FL 33316

# INTRODUCTION

The following is a legal contract between *You* (the named Insured) and *Us* (The Participating Underwriters as detailed herein) consisting of this Policy including a Declaration Page and Endorsement Page(s) incorporated therein.

The Declaration Page shows the information (detailed within the proposal form completed and signed by *You*), which applies, specifically to *Your Boat* and the insurance *You* have purchased in respect of *Your Boat*.

Among other things, the Declaration Page shows:

- *You*, as the named insured;

- The property covered;

- The coverages and amounts of insurance *You* have chosen;

- The charges for these coverages;

- The term *Your* policy is in effect;

- The Underwriters providing *Your* coverage;

- Your policy number;

- The name of the lienholder, if any;

- The navigation limits;

- The endorsements effective;

- The deductible(s).

The Endorsement Page(s) show the agreed variation(s) to Your policy. You should review the policy wording, Declaration Page and Endorsement Page(s) carefully to be sure that they provide and identify the coverages and amounts of insurance that You require.



# POLICY DEFINITIONS

A.  "*You*" and "*Your*" - Refer to the insured named on the Declarations Page and any person who has any legal or beneficial interest in any corporation, trust or entity declared as the owner of the *Boat* declared on the Declaration Page or described as an additional insured thereon.

B.  "*We*", "*Us*" and "*Our*" - Refer to the Underwriters providing this insurance named on the schedule of insurers.

C.  "*Insured Persons*" - Means *You*, and any other person operating the insured *Boat* with your prior permission.
    This does not include:
    A paid captain or paid crewmember or a person or organization or their agent or employee operating a marina, shipyard, yacht club, charter operation, sales agency or like organization unless agreed by *Us* and amended by endorsement hereto.

D.  "*Boat Trailer*" - Means the boat's trailer, which is exclusively used for that purpose.

E.  "*Navigation Limits*" - Means all waters as limited and shown on the Declarations Page unless agreed by *Us* and amended by endorsement hereto.

F   "*Collision Liability*" - *We* will indemnify you for any sum or sums paid by *You* to any other person or persons by reason of *You* becoming legally liable by way of damages for loss of or damage to any other boat or property of any other boat or delay to or loss of use of any such other boat or property thereon where such payment by *You* is in consequence of *Your Boat* hereby insured coming in collision with any other boat.

G.  "*Salvage Charges*" - Means those reasonable charges and expenses which are incurred by *You* if necessary to prevent damage, injury or loss of life and with our permission to prevent or minimize any further loss or damage covered by Section "A" of this insurance.

H.  "*Deductible*" - A deductible is the first amount of any claim, which must be paid by *You*. If a deductible is applicable to any Section of your Policy, the amount will be shown on the Declarations Page and this amount shall be deducted from the amount payable on each admissible claim.

I.  "*Bodily Injury*" - Means physical and direct bodily injury arising from an accident occurring during the period of this Policy arising from the ownership and/or use of the *Boat*.

J.  "*Property Damage*" - Means property damage occurring during the period of this insurance arising from the ownership and/ or use of the *Boat* insured hereunder.

K.  "*Boat*" - Means the *Boat* described on the Declarations Page and may include integral components, equipment and accessories normally used on the Boat and pertinent to the operation of the *Boat*. The *Boat* includes hull(s), deck, cabin, deck hardware and fixtures and fittings, for the use and/or safety of the *Boat* on deck or below deck machinery, masts, spars, rigging and sails, equipment, accessories, tender(s) and trailer, that would not normally be demountable and would be sold with the *Boat*, and includes generators, refrigerators, desalinators, air conditioning and hydraulic equipment.

L.  "*Boat Machinery*" - Means the motor(s) being inboard or outboard and their drive units, being sterndrive or jet, and their transmission boxes, jet units, shafts, propellers, skegs and wiring control cables.

M.  "*Boat Mast(s), Spars, Rigging and Sails*" - Means masts, booms and fittings including spinnaker poles, standing and running rigging and sails both in use and on the *Boat*.

N.  "*Boat Equipment*" - Means instruments and electronic equipment which is not normally demountable and safety equipment in accordance with regulations and any other equipment intended for use with and/or safety of the *Boat* which includes boat canopies and covers, anchors, oars, extra fuel tanks, batteries, tools and all other equipment normally demountable but excluding property of a personal nature.

O.  "*Boat Tender(s)*" - Means the *Boat's* tender(s) (dinghy) and the motors, provided you are the owner and the tender is used to service the *Boat*.

P.  "*Age of Boat*" – Means the age of the scheduled *Boat* calculated by subtracting the year of manufacture from the current calendar year.

3

SEP Case 0:12-cv-62285-WPD Document 1-2 Entered on FLSD Docket 11/20/2012 Page 21 of 37

# ACTIONS TO TAKE IN THE EVENT OF A LOSS

Immediately upon a loss *You* are to immediately notify *Us* of the loss and its circumstances and take all necessary steps to protect the property from further loss. *We* will pay the reasonable expenses incurred in doing this when the loss is covered under this policy. *We* do not pay for your labor or personal expenses and *We* do not pay an amount exceeding the insured value of *Your Boat.*

Following a loss. *You* are to:
Comply with any reasonable request made of *You* by *Us;*
In the event of submersion, immediately flush out, oil and dry motors, electrical equipment and components;
In the event of theft, immediately notify the Coast Guard, Harbor Patrol, Police or other appropriate authority.
Give *Us* the opportunity to inspect the damaged property before it is repaired or discarded;
Submit a claim form and/or a statement describing the loss (owner's or master's statement of loss) and any records needed to verify the loss, its amounts and if requested, your interest in any property loss;
Assume no obligation, admit no liability and incur no expense for which *We* may be liable without our written permission, other than allowable expenses incurred to protect the property from further loss.
Immediately forward to *Us* any legal papers or notices received in connection with the loss.
Co-operate with *Us* in the investigation, defense or settlement of any loss and agree to be examined under oath if *We* so request;
Examination under Oath – *You* will, as often as may be reasonably required, allow access to any person designated by *Us* all that remains of the insured property. So far within *Your* power *You* shall submit *Your* employees, members of the household and others to examinations under oath by *Us* and as often as may be reasonably required. shall produce for examination all original documents (or certified copied originals if originals are lost), at such reasonable time and place as may be designated by *Us* or *Our* representative. *You* shall permit extracts and copies to be made. No such examinations under oath or any other act of *Ours* or *Our* representatives in the investigation of any claim shall be deemed affirmation of coverage or waiver of any defense by *Us*, such acts being without prejudice to *Our* liability;
Allow examinations by physicians of our choice, when pertinent to the loss;
Help *Us* to obtain copies of medical reports and records;
Give *Us* a final notarized statement ("Statutory Declaration") if requested.

Payment of Loss:
After *We* receive all statements and supporting papers, *We* will promptly process *Your* claim. Upon agreement with *You* of the amount to be paid, *We* will ask *You* to complete a proof of loss as discharge of liability. After submission of this document payment will be issued to *You* and/or any lien holder and/or repair Yard, *Your* co-operation is needed to expedite settlement and payment.

Our Right to Recover:
If *You* have the right to recover from another party who is responsible for a loss to the insured *Boat* and if *We* pay *Your* loss under the policy, this right of recovery will belong to *Us* - *You* shall render to Us all possible aid.

# BOAT POLICY INSURING AGREEMENT

*We*, The Underwriters, and *You*, the insured, agree to comply with the terms of this policy for our mutual benefit on the condition that *You* pay the charges and use reasonable care and diligence in the operation and maintenance of the insured *Boat*, we will pay for direct physical loss or damage to the *Boat* from any external cause minus any applicable deductible as shown on Declaration Page.

Notwithstanding the above, coverage afforded hereon is in accordance with attached wording and may be varied by endorsement as shown within Endorsement Page(s) contained in this policy, such endorsements being specifically noted on Declaration Page.



# SECTION 1 – HULL

If a sum insured is shown for Section 1 on the Declarations Page, *We* will pay for direct accidental physical loss or damage to *Your Boat* which occurs during the period of this insurance contract within *Navigation Limits* as detailed on the above mentioned Declaration Page. At *Our* option, *We* may pay the reasonable cost of repairing *Your Boat*. The amount(s) payable under this Section will not exceed the amounts shown on the Declaration Page under Section 1.

Cover is also provided for:

A.   *We* will pay all agreed and necessary salvage charges occasioned by a loss insured under this Section. *Our* liability for salvage charges shall not exceed 100% of the sum insured under Section 1 of the insurance;

B.   *We* will indemnify *You* for any sum or sums paid by *You* to any other person or persons by reason of *You* becoming legally liable by way of damages for loss of or damage to any other boat or property on any other boat, delay to or loss of use of any such other boat or property thereon where such payment by *You* is in consequence of *Your Boat* hereby insured coming in collision with any other boat;

C.   If *Your Boat* is designed to be trailerable and is being towed by *You* and *You* are complying with all the statutes and laws, *We* will pay for any loss of or accidental damage to *Your Boat* while it is in transit by land, within 100 miles radius from the normal place of storage as stated within your signed proposal form;

D.   **Emergency Services -** *We* will pay the reasonable cost *You* incur (not to exceed USD200.00 per occurrence) resulting from the following emergency service to *Your Boat*:
Mechanical labor up to one hour at the place of breakdown and the cost of delivery of gas, oil, loaned battery or change of tire. Notwithstanding the above *We* do not pay for the cost of the above items. No deductible applies to this coverage;

E.   **Towing -** *We* will pay up to USD500.00 for towing to the nearest place where necessary repairs can be made. **No deductible applies to this coverage;**

F.   *We* will cover theft of *Your* boat including, trailers, outboard motor(s), outdrive unit(s), equipment   provided there is evidence of violent and forcible removal of *Your* boat,

In addition to the above all trailer(s)where not in use or left unattended  must be fully immobilized, by the attachment of wheel clamps or other professionally manufactured anti theft device which immobilizes *Your* trailer.

We will also cover theft of outboard motor(s), outdrives units attached to *Your* Boat whilst *Your* boat is afloat or moored afloat, provided there is evidence of violent and forcible removal from *Your* boat

However where *Your* boat is laid up or stored ashore in no event will *We* cover theft of any outboard(s) or outdrive(s) attached to the boat or stored therein unless, there is evidence of violent and forcible entry into a locked fenced enclosure or secured building.

Notwithstanding the foregoing, **under Section 1 of this policy:**

i)    *We* will not provide any coverage for loss or damage directly or indirectly caused by theft where *Your Boat* is designed for or has fitted triple or quad outboard motor propulsion.

ii)   *We* will not indemnify *You* for any amount which *You* may become legally liable in respect of removal of obstructionsunder statutory powers;

iii)  *We* will not indemnify *You* for injury or damage to Harbors, Wharves, Piers, Stages and similar structures consequent upon such collision(s);

iv)   *We* will not indemnify *You* for loss of life or personal injury or loss of income of any other boat or person.

## DEDUCTIBLE
A.   **Partial Loss**
We will apply a **Deductible** as stated on the Declaration Page in respect of each and every claim.

B.   **Total Loss**
Unless caused by a Named or Numbered Windstorm, no **Deductible** applies to claims for actual and/or constructive total loss of the *Your Boat*. Claims for actual and/or constructive total loss of *Your Boat* caused by a Named or Numbered Windstorm are subject to the  Windstorm **Deductible** stated on the Declaration Page.

*We* agree with *You* that the insured *Boat* and other covered property shall be valued at the amount shown on the Declarations Page less any applicable *Deductible* as stated on the Declaration Page or as detailed above.



# EXCLUSIONS

This insurance does not cover losses and or damages arising (whether incurred directly or indirectly) from the following:

A.  Any preexisting physical loss or damage caused to *Your Boat* prior to the commencement of this insurance with or without *Your* knowledge;

B.  All loss or damage however caused to *Your Boat* whilst such is being transported on any means of conveyance other than whilst being towed by *You* in accordance with statutes and laws within 100 miles radius from normal place of storage as stated within *Your* signed proposal form;

C.  The cost of repairs or replacing any part of *Your Boat* by reason of wear and tear, gradual deterioration, osmosis, wet or dry rot, corrosion, weathering, marring, scratching, denting, vermin, pets or marine life, or electrolytic or galvanic action;

D.  Any cost of replacing or repairing any part (including the hull) of *Your Boat* which has failed or cease to function correctly as a result of defects in design, manufacturing defects, latent defects;

E.  Equipment carried on *Your Boat*, except as defined in the Definition of *Boat Equipment*;

F.  Any loss or damage caused to *Your Boat* in respect of mechanical and/or electrical breakdown however arising;

G.  Loss or damage to *Your Boat's* motors caused by or resulting from seizure and/or overheating unless consequent upon an accident, which is a claim under the policy;

H.  Theft or larceny or infidelity by *You* or any other party in control and operating *Your Boat* with *Your* authority;

I   *We* will not provide theft coverage if Your Boat is designed for or has triple or quad outboard motor propulsion.

J.  Loss or damage to *Your Boat* and/or its equipment due to abandonment by *You* or any other party in control of *Your Boat* with *Your* authority;

K.  Any claims caused by or arising out of the unseaworthiness or lack of repair of *Your Boat* caused by the lack of reasonable care and due diligence in the safeguard or maintenance of *Your Boat* by *You* or any other party in control of *Your Boat* with *Your* authority;

L.  All loss, damage or expenses intentionally caused to *Your Boat* by *You* or any other party in control of *Your Boat* with *Your* authority;

M.  Any liability for wages or provisions furnished to paid master or crew;

N.  Dropping off or falling overboard of outboard motors;

O.  Mysterious disappearance of *Your Boat* and /or its equipment or personal property whatsoever;

P.  Loss or damage to sails and protective covers split by the wind or blown away while set unless in consequence to damage to the spars to which sails are bent, or occasioned by *Your Boat* being stranded or in collision or contact with any external substance (ice included), other than water;

Q.  Loss or damage caused to or of personal effects, clothing of any description, water ski equipment, diving equipment, fishing equipment, moorings, provisions & fuel unless an amount is shown on the Declarations Page(s) under Section 4. "Personal Effects.";

R.  Any personal expenses or those of *Your* family including but not limited to, cost of *Your* own labor, hotel or accommodation costs, car rental, communication costs;

S.  Loss caused by delay and or loss of use and enjoyment of *Your Boat* and or its equipment;

T.  Negligence or breach of contract in respect of any repair or alteration work carried out for *Your* account or in respect of the maintenance of *Your Boat*;

SEP-2-2011 14:56 FROM:WPHL-B D S.LEEHP-2 PAYECANPH LLP34920302 Case 0:12-cv-62283-WPD Document 1-2 Entered on FLSD Docket 11/20/2012 Page 24 of 37

U.    Loss or damage to the dinghy and or tender whilst being towed behind *Your Boat* or any other boat. Damage to *Your Boat* or boat(s) or outboard motors caused by attempted theft unless there is visible evidence of attempted violent and forcible removal;

V.    Damage, delay or loss of use and enjoyment of *Your Boat* or its equipment, caused by any arrest or detainment by any government, military or usurped power or corporation or entity;

W.    Bottom painting including anti-fouling or barrier coating unless following a recoverable loss hereunder;

X.    Moorings, provision, and fuel.

## GENERAL

Payments in the event of:

Total or Constructive Total Loss – *We* will pay *You* the Agreed Values shown on the Declarations Page if *Your Boat* is totally lost, or if the cost of recovery and repair exceed the Agreed Value.

Partial Loss – If the hull is made in whole or in part of plywood, fiberglass, metal or other material of similar nature its repair shall be made by applying suitable patches to the damage hull area in accordance with generally accepted good repair practice. If the scheduled boat is 10 years of age or less, repairs are made on a "new for old" basis without depreciation, with the following exceptions:

a)    Internal &/or external protective covers, canvas, vinyl, and other like material – 20% per annum;
b)    Internal &/or external upholstery, fabrics, wall coverings, carpets and rugs – 20% per annum;
c)    Batteries – 20% per annum;
d)    Outboard motors – 20% per annum;
e)    Inflatable tenders or dinghies – 12.5% per annum.

These items are subject to payment on the basis of depreciated cash value. Depreciated cash value means replacement cost less the annual percentage factor of depreciation noted for each;

**If the scheduled boat is greater than 10 years of age the following applies:**

Notwithstanding the foregoing loss or damage to internal &/ external paints, finishes, gelcoat, or other covering, bottom paint including but not limited to anti-fouling or barrier coat finishes, sails, standing and running rigging, internal &/or external protective covers, canvas, vinyl, other like material, internal &/or external upholstery, fabrics, wall coverings, carpets and rugs, machinery including but not limited to engines, generators, water making and waste systems, outboards motors, outdrives, trim tabs, stabilisers, batteries and solar charging panels, electrical equipment including but not limited to internal and external appliances, winches, pump motors and electrical deck gear, inflatable tenders or dinghies, hard FRP composites, aluminium, wooden tenders or dinghies will be subject to payment on the basis of depreciation cash value less the applicable deductible. Depreciated cash value means replacement cost less the annual percentage factor of depreciation shown as follows:

a)    Bottom paint including but not limited to anti-fouling or barrier coat finishes 50% per annum;
b)    Sails, standing and running rigging – 12.5% per annum;
c)    Internal and/or external upholstery, fabrics, wall coverings, carpets and rugs protective covers, canvas, vinyl and other materials – 20% per annum;
d)    Outboard Motors – 20% per annum;
e)    Batteries and solar charging panels – 20% per annum;
f)    Inflatable, tenders or dinghies – 12.50% per annum;
g)    Hard FRP, composites, aluminium or wooden tenders or dinghies – 10% per annum;
h)    Internal and /or external paints, finishes, gelcoat or other covering – 10% per annum;
i)    Electrical equipment including but limited to internal and external appliances winches, pump motors and electric deck gear – 10% per annum;
j)    Machinery including but not limited to engines, generators, water making and waste systems – 7% per annum;
k)    Outdrives, trim tabs, stabilisers – 20% per annum.

The cost of dry-docking and/or lay-days shall be adjusted in accordance with the required time to complete the repair of covered losses. However in no event shall the depreciated value be less than 20% of the replacement cost. Reasonable labor costs to repair or replace the damage items following a recoverable claim shall be payable in full subject always to the application of the appropriate Deductible.



# SECTION 2 – PROTECTION AND INDEMNITY

*We* will pay on *Your* behalf all sums which *You* shall become legally liable to pay as damages subject to the terms and conditions of this insurance and the limits stated in Section 2 of the Declaration for:

**Bodily Injury** or **Property Damage** for which *You* are legally liable to pay as a result of an accident arising out of ownership, maintenance or use of *Your Boat*;

**Property Damage** to another boat for which *You* are liable when those sums exceed the amount of insurance provided in the Collision Liability Clause in Section 1 - **Hull** but in no event will *We* be obligated to pay more than the combined limits stated in Sections 1 and 2 of the Declarations Page;

**Removal of Wreck** *We* will pay for the removal or disposal of the wreck of *Your Boat* if *You* are legally obligated to do so. *We* will also pay the amount for which *You* are held liable if *Your* attempts to remove the wreck fail;

Accidental Physical Loss or Damage to the marine environment including reefs and sea grass.

It is agreed that if a claim occurs for which *We* would have been liable for but owing to the default, act or omission upon *Your* part in obtaining from *Us* such coverage, *We* are not bound to accept liability.

It is agreed that the person in charge of and in control of the *Your Boat* while making way or under way shall be only be *You* or others as may be permitted by the terms and conditions of this policy.

## EXCLUSIONS

*We* do not provide liability coverage for:

a) **Bodily injury** or **property damage** intentionally caused by *You*;

b) **Bodily injuries** for which benefits are required to be provided or are available under any State or Federal compensation law or act;

c) **Bodily injury** to any person who is an employed by *You* and who is engaged in the operation, maintenance, use or repair of *Your Boat*;

d) **Bodily injury** or **property damage** arising out of the transportation of *Your Boat* on land or by sea craft or by air;

e) Liability which has been assumed by *You* under any contract or agreement;

f) Any fine or penalty assessed by a governmental unit;

g) Liability to fare paying passengers or passengers carried under charter;

h) Liabilities, medical expenses, costs, fees or any other related expense whatsoever arising out of illness or injury in any way related to or caused by exposure to the sun or the suns rays either cumulatively or suddenly;

i) Any claim arising from directly or indirectly caused by or associated with asbestosis or lead poisoning or Human T-Cell Lymphotropic Virus type III (HILV II) or Lymphadenopathy Associated Virus (LAV) or the mutants derivatives or variations thereof or in any way related to Acquired Immune Deficiency Syndrome or any syndrome or condition of a similar kind howsoever it may be named;

j) **Bodily injury** to any person or persons whilst being towed by *Your Boat* including waterskiing, glider(s), kite(s), parasailer (s) or other airborne or experimental devices *Your Boat* will be deemed to be used for towing from the time any person or persons begin to leave the *Your Boat*, when towing commences, or when towing is in progress and until all persons or objects have been safely landed on board the *Your Boat* or elsewhere;

k) Bodily injuries to any person or persons while engaged in sub-aqua activity involving the use of aqualung or other sub-aqua equipment or submersible craft, hard hat diving activities or skin diving of any kind. This exclusion applies to all injuries whether sustained in whole or in part while leaving *Your Boat* to enter the water, while in the water, or while boarding *Your Boat* on return from the water and applies to any injuries, wherever sustained as a direct result of the negligence of anyone in connection with said equipment, which plays any causative or contributing role.

8

l) **Bodily Injury** or **Personal Injury** or loss of, damage to or loss of use of property directly caused by seepage into or onto or pollution of or contamination of air, land, water or any other property, however caused and whenever happening.

The words "loss of, damage to or loss of use of property" as used in this exclusion include, but shall not be limited to: the cost of evaluation, monitoring, controlling, removing, nullifying or cleaning-up any seeping, polluting or contaminating substances.

This exclusion shall not apply where such seepage, pollution or contamination:

was accidental and was neither expected nor intended by **You**, and

the occurrence is identified as commencing at an instantaneous moment in time within a seventy-two (72) hour period during the period of this insurance, and

the occurrence is reported to **Us** within thirty (30) days of the occurrence becoming known to **You**.

It is agreed that this insurance excludes liability for any or all punitive damages or damages assessed against **You** by way of punishment, fine or penalty.

**LONGSHOREMEN'S AND HARBOR WORKERS' COMPENSATION ACT**

If **You** have elected protection under Section 2, coverage shall be limited to the policy Protection and Indemnity limit or USD 500,000 whichever is less.

**AGGREGATE LIMIT OF LIABILITY**

Unless stated to the contrary the amount shown for Boating Liability under Section 2 on the Declaration Page is the most **We** will pay regardless of the number of **Insured Persons**, claims made or Boats involved in any one accident, or series of accidents, arising out of the same event.

# SECTION 3 – MEDICAL PAYMENTS AND FUNERAL EXPENSES

If a sum insured is shown for Section 3 on the Declarations Page, **We** will pay the necessary medical and funeral expenses (including transportation costs to Country of Domicile and/or burial) resulting from an accident causing bodily injury to passengers and/or guests occurring during the period of this insurance while in, upon, boarding or leaving **Your Boat**. These expenses must be incurred within one year from the date of the accident. This coverage will be excess of any other applicable insurance.

## EXCLUSIONS:

**We** do not provide Expenses for:

1)The **Insured Person** &/or the beneficial owner however **We** do provide coverage in respect of a related household member(s) while in, upon or leaving **Your Boat**;

2)Any liability assumed by **You** under any separate contract or agreement;

3)Anyone who is injured while the **Boat** is being transported;

4) Injury to a trespasser on the **Boat**;

5) **Your** employees: or Injuries for which benefits are required to be provided or are available under any State or Federal compensation law or act.

**Limit of Liability**: In any one accident, or series of accidents arising out of the same event, **We** will not be liable for medical and funeral payments beyond the amount shown on the Declarations Page regardless of the number of persons involved or claims made in the accident.

# SECTION 4 – PERSONAL EFFECTS

If a sum insured is shown for Section 4 on the Declarations Page, **We** will pay for all direct physical loss or damage to the personal effects from any accidental cause. This coverage only applies to effects owned by **You** and **Your** immediate family and only while the property is aboard **Your Boat** or being loaded onto or from **Your Boat**. This insurance does not cover sports equipment, cameras, currency, jewelry, furs, china, silver, valuable papers, documents, antiques, collectibles or computer hardware (including laptop computers) and software and credit cards, travellers cheques, watches, fine art.

Fishing gear and tackle, unless permanently affixed to **Your Boat**, are deemed Personal Effects.

**We** will pay the actual cost value of the effects at the time of the loss or the amount shown on the Declaration Page, whichever is the lower sum (less the **Deductible**). In any one accident, **We** will not be liable for personal effects beyond the amount shown on the Declarations Page regardless of the number of persons involved or claims made in the accident.



**EXCLUSIONS:**
1) *We* do not provide personal effects coverage for loss or damage caused by wear and tear, gradual deterioration, mechanical or electrical failure or disturbance, corrosion or inherent vice, dampness, temperature changes or mysterious disappearance;
2) *We* do not provide theft coverage unless there is evidence of forcible and violent entry and removal from *Your* locked *Boat* or locked place of storage contained within *Your Boat.*

# SECTION 5 – UNINSURED BOATER COVERAGE

If a sum insured is shown for Section 5 on the Declarations Page We will provide coverage in respect of :

"Uninsured Boat owner" means an owner or operator of a boat other than the *Boat* named in this Policy who is legally responsible for the accident and:
To whom no liability policy applies; or who cannot be identified.

*We* will pay the damages, which, because of Bodily Injury received aboard *Your Boat, You* are legally entitled to recover from an uninsured owner or operator of another boat.

Limit of Liability: The limit of liability shall be the lesser of the sum insured provided by Section 5 of the policy or USD 100,000 and this shall be *Our* maximum limit of liability for all damages resulting from any one accident. This is the most We will pay regardless of the number of:
Covered persons;
Claims made;
Boats or premiums shown in the Declarations; or
Boats involved in the accident.

Any amount otherwise payable for damages under this coverage shall be reduced by all sums paid because of the *Bodily Injury* by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under Section 1 and any payment under this coverage will reduce any amount that person is entitled to recover for the same damages.

*We* do not provide Uninsured Boat owner coverage for:
1) Claims settled without our written consent;
2) Boats owned by or furnished for the regular use of *You*, a member of *Your* family or any person insured by this Policy;
3) An Insured using a Boat without permission;
4) When *Your Boat* named on the Declaration page is being used in a commercial adventure;
5) Where no evidence of physical contact exists between Your Boat and an uninsured boat.

# SECTION 6 – WAR AND STRIKES COVERAGE

If a sum insured is shown for Section 6 on the Declarations Page, and subject always to the exclusions hereinafter referred to, this insurance covers loss of or damage to *Your Boat* caused by
6.1   war, civil war, revolution, rebellion, insurrection, or civil strife arising therefrom or any hostile act by or against a belligerent power
    6.1.2   capture seizure arrest restraint or detainment, and the consequences thereof or any attempt threat
    6.1.3   derelict mine, torpedoes bombs or other derelict weapons of year
    6.1.4   strikers locked out workmen or persons taking part in labour disturbances, riots or civil commotions
    6.1.5   any terrorist or any person acting from a political motive
    6.1.6   confiscation or expropriation
    Provided that the insurance provided under this section (with the exception of Clause 6.1.4) shall not apply before *Your Boat* has been launched or whilst she is hauled out ashore.
6.2   INCORPORATION
    Sections 1, 3, 4 & 5 are deemed to be incorporated in this insurance in so far as they do not conflict with the provisions of these clauses and providing that any indemnity in respect of any sum or sums for which *You* may become legally liable in respect of any one accident or series of accidents arising out of the same event shall be limited to the sum stated for this purpose in this insurance or, if no such amount is stated, to the sum insured in respect of *Your Boat.*

6.3 DETAINMENT

In the event that *Your Boat* shall have been the subject of capture seizure arrest restraint detainment confiscation or expropriation, and which *You* shall thereby have lost the free use and disposal of *Your Boat* for a continuous period of 12 months then for the purpose of ascertaining whether *Your Boat* is a constructive total loss which *You* shall be deemed to have been deprived of the possession of *Your Boat* without any likelihood of recovery.

6.4 EXCLUSIONS

This insurance excludes

6.4.1   loss damage liability or expense arising from

6.4.1.1   any detonation of any weapon of war employing atomic or nuclear fission and/or fusion or other like reaction or radioactive force or matter, hereinafter called a nuclear weapon of war

6.4.1.2   the outbreak of war (whether there be a declaration of war or not) between any of the following countries: United Kingdom, United States of America, France, the Russian Federation, the People's Republic of China

6.4.1.3   requisition or pre-emption

6.4.1.4   capture seizure arrest restraint detainment confiscation or expropriation by or under the order of the government or any public or local authority of the country in which *Your Boat* is owned or registered

6.4.1.5   arrest restraint detainment confiscation or expropriation under quarantine regulations or by reason of infringement of any customs or trading regulations

6.4.1.6   the operation of ordinary judicial process, failure to provide security or to pay any fine or penalty or any financial cause;

6.4.1.7   piracy (but this exclusion shall not affect cover under Clause 6.1.4 above)

6.4.2   loss damage liability expense directly or indirectly caused by or contributed to or arising from

6.4.2.1   ionising radiations from or contamination by radioactivity from any nuclear fuel or from any nuclear waste or from the combustion of nuclear fuel

6.4.2.2   the radioactive, toxic, explosive or other hazardous or contaminating properties of any nuclear installation, reactor or other nuclear assembly or nuclear component thereof

6.4.3   loss damage liability or expense covered by this wording or which would be recoverable hereunder but for Section 2 herein

6.4.4   any claim for any sum recoverable under any other insurance on *Your Boat* or which would be recoverable under such insurance but for the existence of this insurance

6.4.5   any claim for expenses arising from delay except such expenses as would be recoverable in principle in Floridian law and practice under the York-.Antwerp Rules 1974.

6.5 TERMINATION

6.5.1   The coverage provided by this section may be cancelled by *Us* or *You* giving 7 days notice (such cancellation becoming effective on the expiry of 7 days from midnight of the day on which notice of cancellation is issued by or to *Us*) *We* agree however to reinstate this insurance subject to agreement between *Us* and *You* prior to the expiry of such notice of cancellation as to new rate of premium and or conditions and/or warranties.

6.5.2   Whether or not such notice or cancellation has been given this insurance shall TERMINATE AUTOMATICALLY

6.5.2.1   upon the occurrence of any hostile detonation of any nuclear weapon of war as defined In Clause 6.4.1.1 above wheresoever or whensoever such detonation may occur and whether or not *Your Boat* may be involved

6.5.2.2   upon the outbreak or war (whether there be a declaration of war or not) between any of the following countries: United Kingdom, United States of America, France. Russian Federation, the Peoples Republic of China

6.5.2.3   in the event of *Your Boat* being requisitioned, either for title or use.

**The following exclusions will only apply where this Section 6 is non operational**

## WAR EXCLUSION

In no case shall this insurance cover loss, damage, liability or expense caused by
war, civil war, revolution, rebellion, insurrection or civil strife arising therefrom, or any hostile act by or against a belligerent power capture, seizure, arrest, restraint or detainment (barratry and piracy excepted), and the consequences thereof or any attempt thereat derelict mines, torpedoes, bombs or other derelict weapons of war.

## STRIKES AND POLITICAL ACTS EXCLUSION

In no case shall this insurance cover loss, damage, liability or expense caused by strikers, locked-out workmen, or persons taking part in labour disturbances, riots or civil commotions any terrorist or any person acting from a political motive

*11*

# GENERAL CONDITIONS APPLICABLE
# TO ALL SECTIONS OF THIS POLICY

## CHANGES IN POLICY
This policy contains all the agreements between *You* and *Us*. No changes may be made unless agreed by *Us* in writing.

## NAMED OPERATOR
If the insured *Boat* has speed capability exceeding 45 knots the *Boat* may only be operated by *You* and/or another operator declared to and approved in advance by *Us* in writing.

## CONTINUATION CLAUSE
If *You* have been at sea in *Your Boat* for more than 24 consecutive hours and this policy expires (other than by cancellation), the policy will remain in effect until *You* arrive at *Your* next port and while moored there for 24 consecutive hours, provided that *You* notify *Our* office within the first 24 consecutive hours of *Your* arrival and make the necessary arrangements as may be required by *Us* to renew Your Policy.

## CONCEALMENT OR MISREPRESENTATION
*We* do not provide coverage for *You* or members of *Your* immediate family who intentionally concealed or misrepresented any material fact or circumstances relating to this insurance.

## COMPLIANCE WARRANTY
It is warranted by *You* that all necessary or required licenses, permits and certificates pertaining to the use and operation of *Your Boat* are in force and effect as of the effective date of the coverages provided, and will be so during the period of this insurance, and that during all such times *You* will comply with all laws, rules and regulations that apply to the uses to which *You* employ *Your Boat*.

## CANCELLATION AND RETURN PREMIUM
*You* may cancel at any time by returning this policy to *Us* or by providing *Us* with advance written notification of the cancellation date. If *You* request cancellation, the return premium will be short rate. *We* may cancel this policy by notifying *You* in writing at least ten (10) days before the date the cancellation is to take place.

This cancellation notice may be mailed to *You* at the address shown on the Declarations Page and such mailing shall be sufficient proof of notice. If *We* cancel, the return premium will be pro-rata. In the event of a total or constructive total loss, the full annual premium will be due and considered fully earned.

## OTHER INSURANCE
*You* may have other insurance which covers *Your* losses. If so, the most *We* will pay for the loss (other then Section 3) will be calculated in this way:

First, *We* will add the total applicable coverage limits of all valid and collectible insurance covering the loss;

Second, *We* will figure what percentage *Our* coverage limit is of this total;

Finally, *We* will multiply the amount of *Your* loss by this percentage. The result is the most *We* will pay.

## TRANSFER OF INTEREST
If *You* sell, transfer, mortgage or pledge *Your Boat* or this policy, policy coverage will cease unless *You* have *Our* prior written consent.

## INBOARD MACHINERY
Where *Your Boat* is fitted with inboard diesel or electrical engine no liability shall attach to this insurance in respect to any claim caused by or arising through fire or explosion unless *Your Boat* is equipped in the engine room (or engine space) tank space and galley or galley area with a fully functional fire extinguishing system automatically operated at the steering position or manual fire extinguisher(s) installed in an accessible position.

In addition to the above and where *Your Boat* is fitted with an inboard gasoline engine it must be equipped with a fully functional fire suppression or sniffer system in addition to fully functional manual fire extinguisher (s) or fire extinguishing system automatically operated at the steering position.

Where such systems and safeguards are fitted, it is further warranted that such equipment is properly installed and maintained in efficient working order.

## RENEWAL SURVEY CLAUSE
Failure to comply with the clause, as set out below, will result in automatic non-renewal of this insurance.

If *We* hereby give the insured formal notice that a new, up to date out of water survey is required no less than sixty (60) days prior to the expiration date on the Declaration Page to which this clause attaches.

*You* are hereby notified that, in the event said survey is not furnished within the time provided for above, *Your* policy will not be renewed and will expire on the expiration date set forth within this policy.

*12.*

It is also noted and agreed by the insured that this clause is evidence of the requirements under the applicable law and that no other formal written notice is required from *Us* with respect to the survey requirement and with respect to non-renewal of the policy in the event the requested survey is not provided within the time provided for above.

*THE VESSEL MUST BE ABLE TO BE ADJUSTED FOR ITS INTENDED PURPOSE + USE IN A GIVEN TIME AS*

X **SEAWORTHINESS WARRANTY**
It warranted that the scheduled *Boat* is seaworthy at the inception of this policy.
Violation of this warranty will void this policy from its inception.
Furthermore and unless *We* have agreed in writing to the contrary, if we request a survey of the scheduled *Boat* then such survey must be received as required in writing by *Us*. If the survey makes any recommendations with respect to the scheduled *Boat*, then it is an expressed warranty of this policy that *We* require *Your* written confirmation of compliance with all such recommendations pertaining to safety and seaworthiness prior to any loss giving rise to any claim hereunder.
Failure to comply with this warranty will void policy from inception.

### NON-DISCLOSURE OR MISREPRESENTATION
This policy is null and void in the event of non-disclosure or misrepresentation of a fact or circumstances material to *Our* acceptance of this insurance. No action or inaction by *Us* shall be deemed a waiver of this provision.

### CYCLONE, TYPHOON, HURRICANE & NAMED OR NUMBERED WINDSTORM
It is agreed that, in the event of a Named or Numbered cyclone, typhoon, hurricane & windstorm warning, *You* will make every reasonable endeavor to remove *Your Boat* from the water or to a cyclone or typhoon or hurricane-proof shelter or slip or take all other reasonable precautions as may be necessary to safeguard *Your Boat*.

### NAMED OR NUMBERED WINDSTORM DEDUCTIBLE CLAUSE
Loss of or physical damage to property insured arising from Named or Numbered Windstorm, meaning a Tropical Depression, Tropical Storm, Hurricane & Windstorm Named or Numbered by the National Weather Service or National Hurricane Center during the period 1st June to 15th November inclusive, when Your Boat is within the following area:

Florida, Georgia, North and South Carolina, Bahamas and US Gulf States, including all navigable water therein.
Shall be subject to a deductible as shown on the Declaration Page Section 1 shall apply to each and every claim for such loss of / or physical damage including total loss of the property insured.
Notwithstanding the foregoing and where *Your Boat* is either based or operating within the Caribbean or West Coast of Central America & Mexico (East Coast and West Coast ) including Gulf of Mexico the following shall apply:
Shall be subject to a deductible as shown on the Declaration Page Section 1 shall apply to each and every claim for such loss of or physical damage including total loss of the property insured.

This clause shall override any provisions contained in this policy to the contrary.

10/11/03
### INSTITUTE CYBER ATTACK EXCLUSION CLAUSE
1.1 Subject only to clause 1.2 below, in no case shall this insurance cover loss damage liability or expense directly or indirectly caused by or contributed to by or arising from the use or operation, as a means for inflicting harm, of any computer, computer system, computer software programme, malicious code, computer virus or process or any other electronic system.

1.2 Where this clause is endorsed on policies covering risks of war, civil war, revolution, rebellion, insurrection, or civil strife arising therefrom, or any hostile act by or against a belligerent power, or terrorism or any person acting from a political motive, Clause 1.1 shall not operate to exclude losses (which would otherwise be covered) arising from the use of any computer, computer system or computer software programme or any other electronic system in the launch and/or guidance system and/or firing mechanism of any weapon or missile.
CL 380

### U.S.A. & CANADA ENDORSEMENT FOR THE INSTITUTE RADIOACTIVE CONTAMINATION, CHEMICAL, BIOLOGICAL, BIO-CHEMICAL AND ELECTROMAGNETIC WEAPONS EXCLUSION CLAUSE 10/11/03
This policy is subject to the Institute Radioactive Contamination, Chemical, Biological, Bio-Chemical And Electromagnetic Weapons Exclusion Clause 10/11/03 (RACCBE). The inclusion of RACCBE in this policy is material to underwriters' willingness to provide coverage at the quoted terms, conditions and rates.

It is the intent of the parties to give maximum effect to RACCBE as permitted by law.

*13*

In the event that any portion of RACCBE may be found to be unenforceable in whole or in part under the law of any state, territory, district, commonwealth or possession of the U.S.A., or any province or territory of Canada, the remainder shall remain in full force and effect under the laws of that state, territory, district, commonwealth or possession, province or territory. Further, any such finding shall not alter the enforceability of RACCBE under the laws of any other state, territory, district, commonwealth or possession of the U.S.A., or any province or territory of Canada, to the fullest extent permitted by applicable law.

USCAN B
29/01/04

## SEVERAL LIABILITY NOTICE    *LINE SLIP.*

The subscribing insurers' obligations under contracts of insurance to which they subscribe are several and not joint and are limited solely to the extent of their individual subscriptions. The subscribing insurers are not responsible for the subscription of any co-subscribing insurer who for any reason does not satisfy all or part of its obligations.

08/94
LSW1001 (Insurance)

## SERVICE OF SUIT CLAUSE (U.S.A.)

It is agreed that in the event of the failure of *Us*, the Underwriters, severally subscribing this insurance (the Underwriters) to pay any amount claimed to be due hereunder, *We*, the Underwriters, at the request of *You*, the *Insured*, will submit to the jurisdiction of a court of competent jurisdiction within the United States of America.

Notwithstanding any provision elsewhere in this insurance relating to jurisdiction, it is agreed that *We*, the Underwriters have the right to commence an action in any court of competent jurisdiction in the United States of America, and nothing in this clause constitutes or should be understood to constitute a waiver of *Us*, the Underwriters', rights to remove an action to a United States Federal District Court or to seek remand there from or to seek a transfer of any suit to any other court of competent jurisdiction as permitted by the laws of the United States of America or any state therein.

Subject to *We*, the Underwriters', rights set forth above:

(a) It is further agreed that *You*, the Insured, may serve process upon any senior partner in the firm of:
Mendes & Mount (Attorneys), 750 Seventh Avenue, New York, N.Y. 10019-6829
and that in any suit instituted against any one of them upon this contract *We*, the Underwriters will abide by the final decision of the Court or of any Appellate Court in the event of an appeal.

(b) The above-named are authorized and directed to accept service of process on behalf of *Us*, the Underwriters, in any such suit and/or upon the request of *You*, the *Insured*, to give a written undertaking to *You*, the *Insured*, that they will enter a general appearance upon *Us*, the Underwriters', behalf in the event such a suit shall be instituted.

(c) The right of *You*, the *Insured*, to bring suit as provided herein shall be limited to a suit brought in its own name and for its own account. For the purpose of suit as herein provided the word Insured includes any mortgage under a ship mortgagee which is specifically named as a loss payee in this insurance and any person succeeding to the rights of any such mortgagee.

(d) Further, pursuant to any statute of any state, territory or district of the United States of America which makes provision therefore, *We*, the Underwriters, hereby designate the Superintendent, Commissioner or Director of Insurance or other officer specified for that purpose in the statute, or his successor or successors in office (the Officer), as their true and lawful attorney upon whom may be served any lawful process in any action, suit or proceeding instituted by or on behalf of *You*, the *Insured*, or any beneficiary hereunder arising out of this contract of insurance, and hereby designate the above-named as the person to whom the Officer is authorized to mail such process or a true copy thereof.

If this clause is attached to a contract of reinsurance the terms insurance and *Insured* shall mean re-insurance and Re-insured respectively.

**Conformity to Statute:** Any provision in this Policy that conflicts with any State statute is hereby amended to conform to the minimum requirements of the State statute.

**Abandonment:** *We, the Underwriters* need not accept or pay for any of *Your*, the *Insured's*, property abandoned by *You, the Insured*.

**Impairment of recovery:** *You, the Insured* shall render to *Us, the underwriters*, all possible aid in obtaining information and

evidence should *We, the underwriters*, desire to take proceedings at *Our, the Underwriters*, own expense and for *Our, the underwriters*, own benefit in *Your, the Insured's* name.

**Defense and Cost**
With respect to the coverage provided by *Us, the Underwriters*, to an *Insured Person, We* will:

Defend any suit against an *Insured Person* alleging claims and seeking damages which are within the coverage provided by this policy even if such suit is groundless, false or fraudulent, but *We, the Underwriters*, may make such investigation, negotiation and settlement of the claims or suit as *We, the Underwriters*, may deem necessary;

Pay, in addition to the applicable limits of insurance coverage stated in the relevant Section(s) on the Declaration Page:

All expenses incurred by *Us, the Underwriters*, or taxed against an *Insured Person* in any such suit and all interest on the entire amount of any judgment therein which accrues after entry of the judgment and before *We, the Underwriters*, have paid or tendered or deposited in Court that part of the judgment which does not exceed such limit;

All reasonable expenses other than loss of earnings incurred by an *Insured Person* at *Our, the Underwriters*, request; provided that immediate notice of any such claim or suit is given to *Us, the Underwriters*, as required above by the *Insured Person* and provided that *We, the Underwriters*, will have the right to appoint counsel of *Our, the Underwriters* choice to investigate and, as *We, the Underwriters*, believe necessary, to defend such suits. Failure to provide such notice may prejudice the insurance coverages provided by this policy of insurance.

**Co-Loss Payee:** If a co-loss payee is named in this insurance, any loss payable will be paid to the co-loss payee and You, the Insured, as interest may appear. If more than one co-loss payee is named, the order of payment will be the same as the order of precedence of the co-loss payees, subject to the other terms and provisions of this insurance, We, the Underwriters cover the interests of the co-loss payee.

**Punitive or Consequential Damages:** In no event will the coverage that is provided by this insurance include any coverage for punitive or exemplary damages awarded against an *Insured Person* for any reason whatsoever nor will coverage include consequential damages, including loss of use or loss due to delay, whether claimed against *Us, the Underwriters*, by an *Insured Person* or third person.

**Renewal:** The period of insurance shown on the Declarations Page. This policy may be renewed for successive periods if the required premium is paid and accepted by *Us, the Underwriters*, or agreed to be paid and accepted by *Us, the Underwriters*, on or before the expiration of the current period. The premium will be calculated at a rate agreed by *Us, the Underwriters*.

**Held Covered:** If the Navigation Limits of this policy are breached for reasons beyond *Your* control, coverage will remain in effect, provided:

**We, the Underwriters,** receive written notice as soon as the facts with respect to the breach are known to *You* and the appropriate additional premium is paid at the current rates then in effect.


## GENERAL EXCLUSIONS APPLICABLE TO ALL SECTIONS OF THIS POLICY

This policy does not cover:

1) The Deductible as defined in the Policy Definitions;

2) Any claims arising when *Your Boat* or any substitute Boat is:

   a) Unless stated herein to the contrary being used for other than private pleasure purposes or is let out on hire or charter or used for reward of any kind;

   b) power boats being used for racing, ski trials, speed tests, time trials or any like event, unless extended;



SEP-2-2011 14:56 FROM:CHARLES M STEPHENS 1 9549224456 TO:9549660666 P.33

c) being used for illegal activities. This exclusion (c) does not apply if *You* were not the person using or in control of the *Your Boat* and *You* prove to *Us* that *You* did not consent to the use of *Your Boat* by a person in such circumstances;

d) whilst left moored or anchored unattended off an exposed beach or shore. This does not preclude visits to the shore during daylight hours; subject always that in the event of adverse weather conditions arising immediate return to *Your Boat* is required;

e) whilst participating in sailboat races where there is an international YRU jury.

## NUCLEAR EXCLUSION

In no case shall this insurance cover loss, damage, liability or expense arising from:

any weapon of war employing atomic or nuclear fission and/or fusion or other like reaction or radioactive force or matter;

ionising radiations from or contamination by radioactivity from any nuclear fuel or from any nuclear waste from the combustion of nuclear fuel;

the radioactive, toxic, explosive or other hazardous properties of any explosive nuclear assembly or nuclear component thereof.

## DELIBERATE GROUNDING/BEACHING EXCLUSION CLAUSE.

*We* will not pay for any physical loss or damage directly or indirectly caused by *Your Boat* or her tenders or dinghies, jet skis and the like being deliberately grounded or beached.

## LLOYD'S PRIVACY POLICY STATEMENT

### UNDERWRITERS AT LLOYD'S, LONDON

The Certain Underwriters at Lloyd's, London want *You* to know how *We* protect the confidentiality of *Your* non-public personal information. *We* want *You* to know how and why *We* use and disclose the information that *We* have about you. The following describes our policies and practices for securing the privacy of *Our* current and former customers.

### INFORMATION WE COLLECT

The non-public personal information that *We* collect about *You* includes, but is not limited to:
Information contained in applications or other forms that *You* submit to *Us*, such as name, address, and social security number
Information about *Your* transactions with *Our* affiliates or other third-parties, such as balances and payment history
Information *We* receive from a consumer-reporting agency, such as credit-worthiness or credit history

### INFORMATION WE DISCLOSE

*We* disclose the information that *We* have when it is necessary to provide *Our* products and services. *We* may also disclose information when the law requires or permits *Us* to do so.

### CONFIDENTIALITY AND SECURITY

Only *Our* employees and others who need the information to service *Your* account have access to *Your* personal information. *We* have measures in place to secure *Our* paper files and computer systems.

### RIGHT TO ACCESS OR CORRECT YOUR PERSONAL INFORMATION

You have a right to request access to or correction of Your personal information that is in Our possession.

### CONTACTING US

If *You* have any questions about this privacy notice or would like to learn more about how *We* protect your privacy, please contact the agent or broker who handled this insurance. *We* can provide a more detailed statement of *Our* privacy practices upon request.
06/03
LSW1135B



Case 0:12-cv-62283-WPD Document 1-2 Entered on FLSD Docket 11/20/2012 Page 34 of 37

## COMPLAINTS PROCEDURES

*We* care about the service *We* provide to *Our* customers and set ourselves high standards. If *We* do not meet *Your* expectations or *You* are dissatisfied in some way *We* would like to know. If *You* have a problem, please follow the steps outlined below.

**Step one**
The issue can be raised orally or in writing to the person at *Your* brokers or agent handling *Your* insurance. Please have *Your* Policy or claim number ready as a reference.

**Step two**
Within 5 business days of receipt, *Your* broker or agent will send *You* an acknowledgement in writing, informing *You* of the person who will be dealing with *Your* concerns, and confirming *Our* understanding of the issues *You* raised, if appropriate.
If *We* are unable to respond immediately, a written response will be given within 20 business days, unless the issue is sufficiently complicated to warrant further investigation, or if it requires a review of information outstanding from a third party, in which case *You* will be advised accordingly. If *We* have to do this *We* will inform *You* in writing of the reasons why *We* have been unable to resolve *Your* problem and why *We* need more time to do so. *We* will also tell you when *You* can expect *Our* final response.

**Step three**
In the event a complaint from an insured is brought to *Our* attention by any State Insurance Commissioner's Office, or equivalent, Atlass Special Risks, Inc. will promptly inform *Us, the Underwriters* and take immediate appropriate action to solve or placate the matter keeping Underwriters fully informed of the situation.

**Step four**
If *You* are unable to resolve the situation and wish to make a complaint, *You* can do so at any time by referring the matter to Lloyd's Policy Holder and Market Assistance Department, Lloyd's, One Lime Street, London, England, EC3M 7HA.
Tel:        01144 20 7327 5693
Fax:        01144 20 7327 5225
E-mail:     complaints@lloyds.com
Copies of *Our* complaints procedures are also available from the above address.

**Step five**
Complaints that cannot be resolved by Lloyd's Complaints Department may be referred to the Financial Ombudsman Service.

## E-1. PAID CAPTAIN AND/OR CREW (EXCLUDING OWNER-CAPTAIN)

It is agreed the policy that if *Your Boat* is US flagged this insurance is extended to include Jones Act or other applicable regulatory liabilities coverage while *Your Boat* is operated by a paid captain and/or crew.
For all other non US flagged Boats laws governing the flag state will apply.

## E-2. TEMPORARY PAID CREW COVERAGE

In consideration of the premium specified on the declaration page it is hereby understood and agreed that the liability coverage of the present policy covers the *Your* liability to paid crew in accordance with the laws governing the flag state of *Your Boat*.
It is warranted that this insurance will not cover crew liability if the number of paid crew aboard exceed that number crew stated on the Declaration Page.
Notwithstanding the aforementioned, *Our* maximum limit of liability under the policy shall not exceed the amount of insurance shown for liability coverage on the Declarations Page of endorsements attached thereto.





ESTABLISHED 1981

# ATLASS SPECIAL RISKS INC

1300 SE 17ᵀᴴ STREET, SUITE 220.
FORT LAUDERDALE, FL 33316
TELEPHONE: (954) 525 0582
FACSIMILE: (954) 525 1183
WWW.ATLASSSPECIALRISKS.COM





99 Cherry Hill Road
Parsippany, NJ 07054-0253

Tel: 412-505-2163
Fax: 412-809-3010

Agnes.henderson@yorkrsg.com

July 1, 2011

Reginald Carnick
Frank Miele
c/o: Quality Air Conditioning
720 W. McNab Rd.
Ft. Lauderdale, FL 33309

Re:  York Claim #: SWYI-0085A9
     Insured:       Reginald Carnick & Frank Miele
     Certificate:   092465
     Eff. Dates:    10/15/2010-10/15/2011
     Hull #:        LHR73133G697
     D/O/L:         06/18/2011

Dear Mr. Carnick and Mr. Miele:

York Risk Services Group, Inc. is the authorized claims administrator for Seawave Yacht Insurance issued to you its' yacht Certificate No: 092465 insuring a 1997 32' Luhrs. This letter is written to you in response to your claim that was filed on June 20, 2011 regarding the above incident.

SeaWave Yacht Insurance has completed its investigation into the facts and circumstances involving this loss. The claim involves the vessel sinking, following the inspection it was determined the vessel sank due to a deteriorated thru hull fitting and an inoperable bilge pump.

SeaWave's Yacht Policy contains an exclusion which is applicable to this situation. The policy states:

**Exclusions**

This insurance does not cover losses and or damages arising (whether incurred directly or indirectly) from the following:

C.     The cost of repairs or replacing any part of *Your Boat* by reason of wear and Tear, gradual deterioration, osmosis, wet or dry rot, corrosion, weathering, marring, scratching, denting, vermin, pets or marine life, or electrolytic or galvanic actions;

K.      Any claims caused by or arising out of the unseaworthiness or lack of repair of *Your Boat* caused by the lack of reasonable care and due diligence in the safeguard or maintenance of *Your Boat* by *You* or any other party in control of *Your Boat* with *Your* authority;

After careful review of all the facts, SeaWave Yacht Insurance declines coverage to you for the sinking. If you disagree with the facts or conclusions expressed herein, please forward to the undersigned additional documentation supporting a finding of coverage within the next thirty (30) days. Any information received will be reviewed and a response will be provided to you in a timely manner.

This letter is written entirely without prejudice to any additional rights or defenses which are or might be available to SeaWave Yacht Insurance under the captioned yacht policy. SeaWave Yacht Insurance further continues to reserve each and every one of its rights in this matter. Any action taken to further investigate or review this matter is not to be construed as a waiver of any of the terms and conditions of the insurance contract. The rights of the party to the contract remain unaltered as defined therein. SeaWave Yacht Insurance hereby reserves its right to withdraw, amend or revise its position at any time in the future.

Very truly yours,

*Agnes Henderson*
Agnes Henderson
Claim Adjuster

CC: Laura Sherrod via email (lsherrod@atlassinsurance.com)
     Carl Page via email (cpage2@travelers.com)